**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN D. MONDRAGON, | No. 19-56087 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-02462-R-KK |
| v. | |
| BANK OF AMERICA, NA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 2, 2020**

Before:     WALLACE, SILVERMAN, and BRESS, Circuit Judges.

Martin D. Mondragon appeals pro se from the district court's judgment

dismissing his foreclosure action alleging violations of the Truth In Lending Act

("TILA"). We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal based on the statute of limitations.  *Lukovsky v. City & County of San*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We may affirm on any basis supported by the record. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

Dismissal of Mondragon's TILA claims was proper because Mondragon failed to bring an action to enforce his recission rights within four years of the receipt of defendants' refusal to rescind the loan. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018) (explaining that because TILA does not provide a statute of limitations for rescission enforcement claims, the state contract law statute of limitations applies); Cal. Civ. Code § 337(a) (actions upon a contract are subject to a four-year statute of limitations).

The district court did not abuse its discretion by denying Mondragon's motion for default judgment against New American Funding, Inc. because Mondragon failed to state a plausible TILA claim against this defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1989) (standard of review and factors district courts must consider in determining whether default judgment should be granted).

The district court did not abuse its discretion by denying Mondragon's motions to reconsider the district court's orders dated March 21, 2019 because Mondragon failed to demonstrate that he was entitled to relief. *See* Fed. R. Civ. P. 59(e); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255,

1263 (9th Cir. 1993) (setting forth elements for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure).

Mondragon's request for judicial notice (Docket Entry No. 34) is denied as unnecessary.

**AFFIRMED.**