**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

JERRY HOANG; LE UYEN THI HOANG,

         *Plaintiffs-Appellants*,

v.

BANK OF AMERICA, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.,

         *Defendants-Appellees*.

</td>
<td>

No. 17-35993

D.C. No.
2:17-cv-00874-JLR

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, Senior District Judge, Presiding

Argued and Submitted October 12, 2018
Seattle, Washington

Filed December 6, 2018

Before: N. Randy Smith and Morgan Christen, Circuit
Judges, and Robert E. Payne,[*] District Judge.

Opinion by Judge N.R. Smith

---

[*] The Honorable Robert E. Payne, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

## SUMMARY[**]

### Truth in Lending Act

The panel reversed the district court's dismissal of an action brought by a borrower against Bank of America, N.A., alleging claims under the Truth in Lending Act ("TILA") after the bank declared the borrower in default on a loan and initiated non-judicial foreclosure proceedings.

If a creditor fails to make required disclosures under TILA, borrowers are allowed three years from the loan's consummation date to rescind certain loans. 15 U.S.C. § 1635(f). The borrower sent the bank notice of intent to rescind the loan within three years of the consummation date.

The panel held that under *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790, 792 (2015), borrowers may affect rescission of such a loan simply by notifying the creditor of their intent to rescind within the three-year period from the loan's consummation date. The panel further held that because TILA did not include a statute of limitations outlining when an action to enforce such a rescission must be brought, courts must borrow the most analogous state law statute of limitations and apply that limitation period to TILA rescission enforcement claims. The panel held that in Washington, the state's six-year contract statute of limitations was the most analogous statute. The panel rejected the district court's application of TILA's one-year statute of limitations for legal damages claims. The panel also rejected

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the bank's argument that Washington's two-year catch-all statute of limitations should apply. Because the borrower brought this action within six years, the district court erred in dismissing the TILA claim as time barred.

The panel held that the district court improperly denied the borrower leave to amend the complaint. The district court made its determination based on its determination that amendment would be futile because the claims were time-barred. The panel held that because the borrower's TILA rescission enforcement claim was not time-barred, an amendment by the borrower would not be futile.

## COUNSEL

Jill J. Smith (argued), Natural Resource Law Group PLLC, Seattle, Washington, for Plaintiffs-Appellants.

Elizabeth Holt Andrews (argued), Jon D. Ives, and Jan T. Chilton, Severson & Werson, San Francisco, California; for Defendants-Appellees.

**OPINION**

N.R. SMITH, Circuit Judge:

If a creditor fails to make required disclosures under the Truth in Lending Act (TILA), borrowers are allowed three years from the loan's consummation date to rescind certain loans.[1] 15 U.S.C. § 1635(f). Borrowers may effect that rescission simply by notifying the creditor of their intent to rescind within the three-year period. *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790, 792 (2015). TILA does not include a statute of limitations outlining when an action to enforce such a rescission must be brought. Without a statute of limitations in TILA, courts must first borrow the most analogous state law statute of limitations and apply that limitation period to TILA rescission enforcement claims. *Cty. of Oneida v. Oneida Indian Nation of N.Y. State*, 470 U.S. 226, 240 (1985). In Washington, the state's six-year contract statute of limitations is the most analogous statute. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

---

[1] Section 1635 applies to consumer credit transactions, as defined in 15 U.S.C. § 1602, which include refinanced home loans such as the loan at issue here.

## I.[2]

In December 2004, Plaintiffs, Jerry Hoang and Le Uyen Thi Hoang (Hoang), borrowed money from Wells Fargo Bank, N.A. to purchase a home in Tukwila, Washington. On April 30, 2010, Hoang refinanced the Wells Fargo home loan with Bank of America, N.A. and the Federal National Mortgage Association (collectively, the Bank). At the time of the refinancing, the Bank failed to give Hoang notice of the right to rescind the loan, thereby violating TILA's disclosure requirement. *See* 15 U.S.C. § 1635(a). As a result, Hoang had three years from the loan's consummation date of April 30, 2010, to rescind the loan. *See* 15 U.S.C. § 1635(f). On April 15, 2013 (within the three-year period), Hoang sent the Bank notice of intent to rescind the loan under TILA. The record reflects that the Bank took no action in response to receiving the notice.

In February 2017, the Bank declared Hoang in default on the loan and initiated non-judicial foreclosure proceedings. To stop the non-judicial foreclosure proceedings, Hoang filed suit on May 9, 2017. Hoang requested enforcement of the loan rescission under TILA, 15 U.S.C. § 1635(f), through declaratory and injunctive relief. In addition, Hoang's prayer for relief requested monetary damages under the Washington Consumer Protection Act (WCPA), although reference to that statute appeared nowhere else in the complaint. The Bank moved to dismiss the case, arguing that Hoang's claims were

---

[2] Because this case arises from the district court's grant of the Bank's motion to dismiss, "we accept the factual allegations in the complaint as true and construe the pleading in the light most favorable to [Hoang]." *Northstar Fin. Advisors Inc. v. Schwab Invest.*, 779 F.3d 1036, 1042 (9th Cir. 2015) (alteration and citation omitted).

time barred, because Hoang failed to bring a suit for rescission within three years of the loan's consummation.

The district court held that Hoang timely rescinded the loan by sending notice of rescission to the Bank within three years of the loan's consummation.[3] Nevertheless, the district court granted the Bank's motion to dismiss, because Hoang's claims were time barred. To find the claims time barred, the district court adopted the one-year statute of limitations applicable to TILA claims for monetary damages, 15 U.S.C. § 1640(e). However, it adopted that statute, because it misread Hoang's request for damages under the WCPA (in Hoang's prayer for relief) as a claim for monetary relief under TILA. The district court dismissed Hoang's claim as untimely for failure to bring suit within one year. Neither party disputes that the district court erred in interpreting Hoang's complaint as requesting TILA damages.

As to Hoang's requests for declaratory and injunctive relief, the district court acknowledged that the limitations period applicable to TILA rescission enforcement claims is an "unsettled issue of law" post-*Jesinoski*. *See Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015). The district court determined that some statute of limitations must apply and borrowed the limitations period for monetary damages under TILA, 15 U.S.C. § 1640(e) (based, in part, on its misconception that Hoang asserted a claim under that section). Under the one-year statute of limitations, the district court found that Hoang's claim for injunctive and declaratory relief was also time barred. Because it found that all of Hoang's claims were time barred, the district court

---

[3] This determination by the district court resolved this issue, and it has not been raised on appeal.

determined that any amendment would be futile. Accordingly, the district court granted the Bank's motion and dismissed the case without leave to amend.

## II.

We review the district court's choice of the applicable statute of limitations de novo. *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1045 (9th Cir. 2012). We also review dismissal on statute of limitations grounds de novo, because we have accepted all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gregg v. Hawaii, Dep't of Public Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017).

TILA gives borrowers the right to rescind certain loans within three business days after consummation of the loan. 15 U.S.C. § 1635(a). However, if the creditor fails to make required TILA disclosures to the borrower, the window for rescission is expanded to three years from consummation of the loan. 15 U.S.C. § 1635(f). Once a borrower rescinds a loan under TILA, the borrower "is not liable for any finance or other charge, and any security interest given by the [borrower] . . . becomes void upon such a rescission." 15 U.S.C. § 1635(b); *see* 12 C.F.R. § 226.23(a)(3). Within 20 days after the creditor receives a notice of rescission, the creditor must take steps to wind up the loan. 15 U.S.C. § 1635(b). "Upon the performance of the creditor's obligations under this section, the [borrower] shall tender the property to the creditor . . . [or] tender its reasonable value." *Id.* Once both creditor and borrower have so acted, the loan has been wound up.

Previously, we required that borrowers effectuate TILA loan rescissions by giving lenders their notice of rescission and also bringing suit to enforce that rescission, both to be accomplished within the three-year window set forth in 15 U.S.C. § 1635(f). *See, e.g.*, *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012) ("[R]escission suits must be brought within three years from the consummation of the loan."); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction.") (quoting *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). However, the Supreme Court altered that usual procedure in *Jesinoski*. It eliminated the need for a borrower to bring suit within the three-year window to exercise TILA rescission. Instead, "rescission is effected when the borrower notifies the creditor of his intention to rescind." *Jesinoski*, 135 S. Ct. at 792. "[S]o long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Id.* Thus, although emphasizing that the borrower need only give the notice of rescission within the three years, the Court did not clarify when a suit to enforce the rescission must be brought after a lender's failure to act on that notice of rescission. We are now presented with that question: when a borrower effectively rescinds a loan under TILA, but no steps are taken to wind up the loan, when must suit be brought to enforce that rescission?

Hoang argues that no statute of limitations applies to such an action in the absence of an express statute of limitations set forth in TILA and in light of *Jesinoski*. Alternatively, the Bank agrees with the district court that a limitation period

must apply but argues that the district court should have applied Washington's two-year catchall statute of limitations. Neither party on appeal argues that we should adopt the district court's view and borrow the TILA damage limitation period in 15 U.S.C. § 1640(e). After review, we agree with the district court that there is a statute of limitations applicable to TILA rescission enforcement actions, but we reject the district court's decision and the parties' arguments as to what that limitation period should be.

When there is no statute of limitations expressly applicable to a federal statute, "we do not ordinarily assume that Congress intended that there be no time limit on actions at all." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). Rather, "the general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim." *Cty. of Oneida*, 470 U.S. at 240. As a "narrow exception to the general rule," courts may "decline to borrow a state statute of limitations only when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989) (internal quotation marks omitted). However, "application of a federal statute will be unusual, and resort to state law remains the norm for borrowing of limitations periods." *Id.* (internal quotation marks omitted).

As above explained, TILA does not provide a statute of limitations for rescission enforcement claims. Accordingly, our precedent requires that we borrow from analogous Washington state law. *See Sharkey v. O'Neal*, 778 F.3d 767, 770–71 (9th Cir. 2015). Under Washington's general contract

law, the statute of limitations sets forth a six-year limitation period for an "action upon a contract in writing, or liability express or implied arising out of a written agreement." Wash. Rev. Code § 4.16.040. The loan agreement between Hoang and the Bank is a contract in writing. An action to rescind that loan (under TILA or otherwise) arises out of that written agreement. Because TILA rescissions necessarily require a contract to be rescinded, contract law provides the best analogy and we adopt the general contract law statute of limitations. The district court agreed, acknowledging that the Washington contract statute of limitations provided the closest state law analogy to TILA rescission enforcement (although it declined to borrow it).[4] There is no federal law that provides a closer analogy, nor do TILA policies at stake and the practicalities of TILA rescission litigation make federal law a more appropriate vehicle for interstitial lawmaking.

We reject the district court's application of TILA's one-year statute of limitations for legal damages claims. 15 U.S.C. § 1640(e). First, the district court's choice to apply the TILA one-year legal damages statute of limitations was based primarily on a misreading of Hoang's complaint as requesting TILA relief rather than relief under the WCPA. More importantly, TILA provides for both legal damages and equitable relief but only includes a statute of limitations for legal damages relief. The statute does not suggest that the statute of limitations for legal damages relief is also applicable to claims for equitable remedies. If Congress intended that statute to apply, Congress surely knew how to

---

[4] The district court declined to borrow Washington's contract limitations period, because it reasoned that 15 U.S.C. § 1640(e), TILA's damages statute, provided a closer analogy.

draft the statute accordingly. Thus, the district court erred when it declined to follow the "norm for borrowing [state law] limitations periods." *See Reed*, 488 U.S. at 324. Only when a state statute of limitations would "frustrate or significantly interfere with federal policies" do we turn instead to federal law to supply the limitation period. *Id.* at 327. Application of Washington's longer six-year contract statute of limitations would actually further TILA's purpose, which is to protect consumers from predatory lending practices and promote the informed use of credit. 15 U.S.C. § 1601(a).

We also reject the Bank's argument that Washington's two-year catchall statute of limitations should apply. The catchall provision applies to "[a]n action for relief not hereinbefore provided for[.]" Wash. Rev. Code § 4.16.130. In similar contexts, the Supreme Court previously determined that catchall statutes were not substantively analogous and declined to borrow them. *See Agency Holding Corp. v. Malley-Duffy & Assoc., Inc.*, 483 U.S. 143, 152–53 (1987); *see also DirecTV, Inc. v. Webb*, 545 F.3d 837, 849 (9th Cir. 2008). We decline to find that Washington's catchall is analogous to TILA and do not borrow it here. Additionally, because we find that Washington's contract statute of limitations is closely analogous, we need not resort to Washington's catchall limitation period.

Last, because "we do not ordinarily assume that Congress intended that there be no time limit on actions at all," *DelCostello*, 462 U.S. at 158, we reject Hoang's argument that no statute of limitations applies to TILA rescission enforcement claims.

Applying Washington's six-year contract statute of limitations, Hoang's TILA claim is timely. Hoang's cause of action arose in May 2013 when the Bank failed to take any action to wind up the loan within 20 days of receiving Hoang's notice of rescission.**[5]** *See* 15 U.S.C. § 1635(b). Because Hoang brought this suit within six years, the district court erred in dismissing the claim as time barred.

## III.

The district court improperly denied Hoang leave to amend the complaint. We review denial of leave to amend for abuse of discretion. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

A party may amend its pleading with the court's leave, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.* at 1052. Leave to amend can and should generally be given, even in the absence of such a request by the party. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). However, leave to amend need

---

**[5]** Although the complaint alleges that Hoang sent the notice of rescission to the Bank on April 15, 2013, it is not clear when the notice was actually received or when the 20-day period would have run.

not be granted when "any amendment would be an exercise in futility," *Steckman v. Hart Brewing, Co.*, 143 F.3d 1293, 1298 (9th Cir. 1998), such as when the claims are barred by the applicable statute of limitations. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

The district court here dismissed Hoang's claims without leave to amend. However, the district court made that determination based on its finding that an amendment would be futile because the claims were time barred by the one-year statute of limitations applicable to TILA damage claims. 15 U.S.C. § 1640(e). With the six-year contract statute of limitations, Hoang's TILA rescission enforcement claim is not time barred. Therefore, an amendment by Hoang may not be futile.

**REVERSE AND REMAND.**