**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRECISE AEROSPACE MANUFACTURING, INC., a California corporation; ROXANNE ABDI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MAG AEROSPACE INDUSTRIES, LLC, DBA Zodiac Water & Waste Aero Systems, <br><br> Defendant-Appellee. | Nos. 18-55353 and 18-55356 <br><br> D.C. No. 2:17-cv-01239-RGK-JC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted September 13, 2019
Pasadena, California

Before: RAWLINSON, OWENS, and BENNETT, Circuit Judges.

Precise Aerospace Manufacturing, Inc. (Precise) and Roxanne Abdi (Abdi,

and together, Appellants) appeal the dismissal of and the denial of leave to amend

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

their claim brought under the California Unruh Civil Rights Act (Unruh claim) against MAG Aerospace Industries, LLC, doing business as Zodiac Water & Waste Aero Systems (MAG), the denial of their application to reopen discovery and continue scheduling deadlines, and the grant of summary judgment in favor of MAG on Appellants' remaining claims.[1]

We review the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*, *see United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 676 (9th Cir. 2018), and the denial of leave to amend for an abuse of discretion. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). Denial of a request for a continuance is reviewed for an abuse of discretion. *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1062-63 (9th Cir. 2019).

We review *de novo* a grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party and evaluating "whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1142 (9th Cir. 2018) (per curiam) (citation omitted).

---

[1] MAG abandoned its cross-appeal, 18-55356, as indicated in its briefing and during argument.

**1.**     The district court did not err in dismissing the Unruh claim for Appellants' failure to allege sufficient facts to infer that discriminatory motivation was not just possible, but plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegation that Gil Lenhard (Lenhard), an executive at MAG, crudely told Abdi that she "had to put [her] balls on the table and take [a] risk," did not raise a plausible inference of discriminatory motive. *See Mackey v. Bd. of Trs. of Cal. State Univ.*, 31 Cal. App. 5th 640, 663 (2019) (noting that a "mere offensive utterance" cannot sustain an Unruh Act claim in the context of employment discrimination) (citation and internal quotation marks omitted). *See also Ramirez v. Wong*, 188 Cal. App. 4th 1480, 1488 (2010) (noting that a "vulgar and highly offensive statement" did not rise to the level of harassment on the basis of sex) (citation omitted). The remaining general allegations, including that Lenhard "had and continues to have a serious problem with women[,]" made "further harassing and bullying telephone calls to Ms. Abdi[,]" and discriminated against his own employees "based on Zodiac's female employees' sex," were properly construed by the district court as legal conclusions. *See Ramirez*, 188 Cal. App. 4th at 1488 (deeming conclusory an allegation that the defendant "on more than [one] occasion" committed similar sexist acts in violation of the Unruh Act). Neither did the district court abuse its discretion in denying leave to amend. Even assuming

the pleading of inconsistent theories is permissible, Appellants' theory that MAG never intended to honor its commitments failed to state a plausible claim under the Unruh Act. *See id.* at 1485 (observing that the plaintiffs did not state a claim under the Unruh Act because they failed to alleged "discriminatory behavior") (citation omitted). Because amendment to assert this theory would have been futile, the district court acted within its discretion in denying leave to amend. *See Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019) (concluding that there was no abuse of discretion where amendment would be futile).

**2.** The district court acted within its broad discretion in denying Appellants' application to reopen discovery and to continue the motion and trial deadlines. *See Singh*, 925 F.3d at 1076 (upholding the denial of a continuance where the plaintiff did not identify specific facts that further discovery would have revealed).

**3.** The district court committed no error in granting summary judgment on the breach of contract claim, as the statute of frauds rendered any oral agreement unenforceable, and the contract did not fall into the "specially manufactured goods" exception. *See Western Chance No. 2, Inc. v. KFC Corp.*, 957 F.2d 1538, 1542 (9th Cir. 1992); *see also* Cal. Com. Code §§ 2201(1), (3)(a). Accordingly, the grant of summary judgment on the breach of the covenant of

good faith and fair dealing must also stand. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1138 (9th Cir. 2003) (concluding that breach covenant of good faith and fair dealing claim fails where there are no contract terms to support the covenant).

The district court also properly found that the fraudulent inducement exception to the economic loss doctrine did not apply. Even resolving all disputes in favor of Appellants, the evidence failed to demonstrate a triable issue of fact regarding fraudulent intent. MAG's retention of the toilet plans reasonably protected its intellectual property from those invited to the workshop who would not subsequently work on the project, and all invitees signed a non-disclosure agreement. The internal email statement that there were "no hard promises, just hard POs" in the industry, was made after the commencement of litigation. *See Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30 (1985) (explaining that plaintiff must establish that defendant lacked intent to honor its contractual promises *when made* to succeed on a fraudulent inducement claim).

**AFFIRMED.**