NOT RECOMMENDED FOR PUBLICATION
**File Name: 19a0599n.06**

No. 19-5153

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 06, 2019
DEBORAH S. HUNT, Clerk

TOBIN SEGRIST et al.,                    )
                                         )
          Plaintiffs-Appellants,         )
                                         )          ON APPEAL FROM THE UNITED
v.                                       )          STATES DISTRICT COURT FOR THE
                                         )          MIDDLE DISTRICT OF TENNESSEE
THE BANK OF NEW YORK MELLON              )
et al.,                                  )          OPINION
                                         )
          Defendants-Appellees.          )

---

Before: GILMAN, KETHLEDGE, and READLER, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Tobin and Amy Segrist (the Segrists) appeal the district court's refusal to set aside its previous dismissal of the Segrists' action to rescind their Loan Modification Agreement. According to the Segrists, a recent change in decisional law enunciated by one of our sister circuits warrants setting aside the dismissal. The district court denied the Segrists' motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual background

In April 2003, the Segrists purchased a home in Sumner County, Tennessee. They obtained a residential mortgage loan from Full Spectrum Lending, Inc., to finance their purchase, which was secured by a Deed of Trust on the property. In October 2011, the Deed of Trust was assigned to the Bank of New York Mellon (BNY).

After suffering financial difficulties, the Segrists entered into a Loan Modification Agreement in April 2013 with Bank of America, which had become the loan servicer. That agreement amended and supplemented the original loan, lowered the Segrists' monthly payment, modified the interest rate from variable to fixed, and forgave a significant portion of the loan's past-due balance.

In 2015, following the Segrists' default on their modified loan, BNY began foreclosure proceedings against the property. The Segrists recorded a purported Notice of Rescission of the loan in August 2015, one month before the date of the foreclosure sale. BNY bought the property at the foreclosure sale and filed a detainer action in state court. After the state court entered an order granting BNY possession of the property, BNY sold the property to a bona fide purchaser.

## B.    Procedural history

In January 2016, the Segrists filed suit in federal court. Their second amended complaint, which is the operative complaint in this case, alleged three causes of action: Count I was an action for declaratory relief to enforce rescission rights under the Truth in Lending Act (TILA), 15 U.S.C. § 1635; Count II was a claim for declaratory relief, seeking an order that BNY lacked the authority to foreclose on, and sell, the property; and Count III alleged that Bank of America had fraudulently induced the Segrists to enter into the Loan Modification Agreement. The Segrists argued that they were entitled to rescind both the original loan and the Loan Modification Agreement because they never received disclosures about the terms of their loans, as mandated by TILA.

In August 2017, the district court granted BNY's motion to dismiss the second amended complaint. *Segrist v. Bank of N.Y. Mellon*, No. 3:16-cv-00063, 2017 WL 3674841, at *4 (M.D. Tenn. 2017). It held that (1) neither the original loan nor the Loan Modification Agreement gave rise to rescission rights under TILA, (2) the Segrists' allegations regarding BNY's authority to

foreclose failed to state a claim for relief, and (3) the Segrists' allegations regarding fraud were conclusory and lacked any factual basis. *Id.* at \*2–4. The Segrists appealed.

In August 2018, this court affirmed the district court on all counts. *Segrist v. Bank of N.Y. Mellon*, 744 F. App'x 932, 936–41 (6th Cir. 2018) (*Segrist I*). It held that (1) the Loan Modification Agreement did not give rise to rescission rights under TILA because the agreement was not a refinancing (the Segrists conceded on appeal that the original loan did not give rise to rescission rights), (2) BNY had the authority to foreclose, and (3) the Segrists did not plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. *Id.*

But the Segrists persisted. In January 2019, they filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate the dismissal of their action. Their motion was based solely on the Ninth Circuit's supervening opinion in *Hoang v. Bank of America*, 910 F.3d 1096 (9th Cir. 2018). *Hoang* dealt with the statute-of-limitation period to be applied to a TILA action. The district court denied the Segrists' motion.

## II.    ANALYSIS

### A.    Standard of review

We apply the abuse-of-discretion standard in reviewing a district court's denial of a Rule 60(b) motion. *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id.*

### B.    The district court properly denied the Segrists' motion.

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a court to vacate a final judgment for "any [] reason that justifies relief." But "relief under Rule 60(b) is 'circumscribed

by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Quoting *Agostini v. Felton*, 521 U.S. 203, 239 (1997), the district court correctly explained that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." In order for a court to grant Rule 60(b)(6) relief based "on an applicable change in decisional law," the change in law must be "coupled with some other special circumstance." *Blue Diamond*, 249 F.3d at 524. The Segrists have presented no such "extraordinary" or "special" circumstance.

And even if a change in decisional law were sufficient to warrant Rule 60(b)(6) relief, the Ninth Circuit decision in *Hoang* is wholly inapplicable to the dipositive issue in the case before us. *Hoang* addressed the question of what statute-of-limitation period it should apply to a validly executed notice of rescission. 910 F.3d at 1100. It held that the court should apply the six-year statute-of-limitation period set forth under the general contract law of Washington, the state in which the relevant actions had taken place. *Id.* at 1102. The Segrists point to *Hoang* to argue that, had the district court applied a six-year statute-of-limitation period to the Segrists' rescission claim, their claim would not have been dismissed.

But this court dismissed the Segrists' lawsuit because it concluded that the Segrists never had a right to rescission in the first place. *Segrist I*, 744 F. App'x at 939. It did not, as the Segrists appear to suggest, dismiss their claim for rescission as time-barred. And although the district court *did* dismiss the damages portion of the Segrists' claims as time-barred, *see Segrist*, 2017 WL 3674841, at *3, the Segrists have made no argument on appeal that the court erred in doing so. In sum, any claim that the Segrists might have had to TILA damages is premised on their first having

4

had a right to rescission; a right that, as this court previously held, they did not have. *Hoang* is therefore irrelevant to the facts of this case.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.