**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASHINGTON STATE DAIRY FEDERATION; et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, Acting Administrator of the United States Environmental Protection Agency, <br><br> Respondents. | No.   20-70331 <br><br> EPA No. SDWA-10-2013-0080 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted May 6, 2021[**]
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Petitioners, the Washington State Dairy Federation (WSDF), Adam Dolsen, Cow Palace, LLC, and the Dolsen Companies, challenge an Administrative Order of Consent (AOC) and an underlying report (the Report) issued by the EPA in 2013 pursuant to its emergency authority under the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300i(a). The Report and AOC concern nitrate contamination in the groundwater of the Yakima Valley in central Washington State. Petitioners argue the EPA fraudulently induced a group of dairies to agree to the AOC by misrepresenting the Report as "influential science." Petitioners also contend the conclusions reached in the Report and AOC are "arbitrary and capricious" for purposes of the Administrative Procedure Act, 5 U.S.C. § 706(2). We have jurisdiction pursuant to 42 U.S.C. § 300j-7. We dismiss the petition as untimely.[1]

1. As a threshold matter, the EPA argues WSDF lacks standing. An organization may commence an action in federal court based on injuries to itself or to its members. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1096 (9th Cir. 2021) (citing *Warth v. Seldin*, 422 U.S. 490, 511 (1975)). In order for an organization to have standing to sue on behalf of its members, it must establish: (1)

---

[1]      The parties are familiar with the facts and we recite only those necessary to decide the issues on appeal.

2

its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Id.* (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

The addendum to petitioners' reply brief contains a declaration by the Director of the WSDF, Daniel Wood, that addresses WSDF's interest in this litigation. Wood averred that WSDF's mission statement is to "develop[] and promote[] initiatives directed toward the financial strength, political support, and public awareness of [the dairy] industry to achieve a successful business climate for dairy farmers in Washington State." Wood further asserted that some of the parties to the AOC are members of the WSDF and were injured by the obligations imposed by the AOC. We conclude petitioners have alleged facts sufficient to show that WSDF's members would have standing in their own right, the interest in preventing burdensome restrictions on the dairy industry is germane to the WSDF's purpose, and the participation of the individual members is not required. *See id.*

2. The EPA contends the petition is time barred because it was filed years after the date the Report was issued and the AOC became effective. The SDWA

3

provides that a petition for review "shall be filed within the 45-day period beginning on the date of the promulgation of the regulation or any other final Agency action with respect to which review is sought or on the date of the determination with respect to which review is sought." 42 U.S.C. § 300j-7(a)(2). A petition "may be filed after the expiration of such 45-day period if the petition is based solely on grounds arising after the expiration of such period." *Id.*

The Report and AOC were issued in 2013. The petition for review was filed in February 2020. To explain this seven year delay, petitioners rely on the affidavit of Adam Dolsen, the owner of one of the dairies that entered into the AOC. Dolsen claims the EPA misrepresented the Report as "influential science" during the negotiations leading up to the consummation of the AOC. Dolsen also avers that petitioners were first informed that the EPA did not consider the Report to be "influential science" at a February 2019 meeting. Even assuming the 45-day time limit is not jurisdictional and the period between 2013 and the February 2019 meeting is subject to equitable tolling, the petition was filed more than 45 days after petitioners allege they discovered the facts on which their petition is based.

3. Petitioners argue that their "petition is based solely on grounds arising after the expiration of" the original 45-day period and contend the SDWA does not impose a limitations period for petitions for review that are based on new

4

information.  In the alternative, they urge us to "borrow" the six year statute of limitations applicable to APA claims.  *See* 28 U.S.C. § 2401(a).

When no statute of limitations is expressly applicable to a federal statute, "we do not ordinarily assume that Congress intended that there be no time limit on actions at all."  *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983).  Instead, we typically "borrow" a limitations period from an analogous state cause of action and apply it to the federal claim.  *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1101 (9th Cir. 2018) (quoting *Oneida Cty., N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 240 (1985)).  We may "decline to borrow a state statute of limitations only when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking."  *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989) (internal quotation marks omitted).

Here, the most analogous claim to a SDWA claim based on new information is a claim brought pursuant to the SDWA based on information available at the time of the agency action.  *See* 42 U.S.C. § 300j-7(a).  Our conclusion is supported by the Ninth Circuit's decision in *Chevron U.S.A., Inc. v. U.S.E.P.A.*, 908 F.2d 468, 470 (9th Cir. 1990).  There, petitioners sought review of a final order the EPA

5

issued pursuant to the Clean Water Act (CWA). *Id.* The relevant CWA provision governing judicial review provided an application for review "shall be made within ninety days from the date of such determination, approval, promulgation, issuance or denial, or after such date only if such application is based solely on grounds which arose after such ninetieth day." *Id.* at 469 (quoting 33 U.S.C. § 1369(b)(1)) (emphasis omitted).

In *Chevron U.S.A.*, we concluded that the "most analogous federal statute of limitations is the one contained in the [CWA] itself, but expressly made applicable only to suits not based on new information." *Id.* at 470. Although we did not definitively decide the issue in *Chevron U.S.A.*, we indicated that "[w]ere we to apply federal law in determining the applicable statute of limitations, we would borrow [the CWA's] 90–day limit." *Id.*

Accordingly, even if the petition "is based solely on grounds arising after" the initial 45 days described in the SDWA, 42 U.S.C. § 300j-7(a), petitioners had 45 days to bring a petition for review after they became aware of new grounds to challenge the Report and AOC. As explained, petitioners assert that they were alerted that the EPA did not consider the Report an "influential scientific"

document in February 2019. Because petitioners did not file a petition for review until a year later, their petition is time-barred.[2]

**PETITION DISMISSED**

---

[2]     Petitioners' motions to supplement the record on appeal, ECF 32 and 55, are DENIED as moot.