NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKEL A. TOYE, husband; LOUISE TOYE, wife, | No. 20-55935 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-02322-BAS-LL |
| v. | MEMORANDUM* |
| NEWREZ LLC, DBA Shellpoint Mortgage Servicing; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Mikel A. Toye and Louise Toye appeal from the district court's judgment

dismissing their action alleging violations of the Truth in Lending Act ("TILA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

based on the statute of limitations. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1100 (9th Cir. 2018). We affirm.

The district court properly dismissed plaintiffs' action as time-barred because plaintiffs failed to bring their action to enforce their recission rights within the applicable statute of limitations. *See id.* at 1100-02 (explaining that because TILA does not provide a statute of limitations for rescission enforcement claims, the state contract law statute of limitations applies); *see also* Cal. Civ. Code § 337(a) (actions upon a contract are subject to a four-year statute of limitations); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005) (under the delayed discovery rule, cause of action accrues and statute of limitations begins to run "when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for [the] cause of action").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-55935