NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELEODORO GARCIA; JONATHAN X. ABELL,<br><br>        Plaintiffs,<br><br> and<br><br>EVEREST NATIONAL INSURANCE COMPANY, a/s/o Nugate Group, LLC,<br><br>        Intervenor-Plaintiff-<br>        Appellant,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant-Appellee. | No.   21-16082<br>        21-16427<br><br>D.C. No. 1:19-cv-00658-KJM<br><br><br>MEMORANDUM* |
| ELEODORO GARCIA; JONATHAN X. ABELL,<br><br>        Plaintiffs-Appellants,<br><br> and<br><br>EVEREST NATIONAL INSURANCE COMPANY, a/s/o Nugate Group, LLC, | No.   21-16205<br><br>D.C. No. 1:19-cv-00658-KJM |

_____

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
Kenneth J. Mansfield, Magistrate Judge, Presiding

Argued and Submitted July 5, 2022
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Plaintiffs Eleodoro Garcia and Jonathan Abell ("Plaintiffs") and Everest

National Insurance Company ("Everest") appeal from the district court's orders

dismissing their complaints for lack of subject matter jurisdiction and denying their

post-judgment motions for reconsideration and for leave to amend.  Reviewing the

district court's dismissal order de novo, *Lam v. United States*, 979 F.3d 665, 670

(9th Cir. 2020), we affirm.  Reviewing the court's denial of Plaintiffs' and

Everest's motions for reconsideration and for leave to amend for abuse of

discretion, *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780

(9th Cir. 2009), we reverse and remand.  As the parties are familiar with the facts,

we do not recount them here.

1.  As a preliminary matter, Plaintiffs and Everest contend that the district

court erred by construing the government's Federal Rule of Civil Procedure 12(b)(1) motion to dismiss as a facial attack. Their argument fails for at least two reasons. First, the government characterized its own motion as a facial attack in its reply memorandum, and both Plaintiffs and Everest had an adequate opportunity to respond accordingly at the March 25, 2021 telephonic hearing. Second, Plaintiffs and Everest must adequately plead subject matter jurisdiction in their respective complaints. Fed. R. Civ. P. 8. Because the facial sufficiency of their allegations is evaluated prior to the evidentiary sufficiency of the documents supporting those allegations, the district court's decision to resolve the motion on facial grounds was not erroneous.

2. Nor did the district court err in concluding that it lacked subject matter jurisdiction under the Discretionary Function Exception ("DFE") to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346, 2674, 2680. Although Army Regulation ("AR") 350-19 ¶ 4-12(b)(1) and Department of the Army Pamphlet ("DA Pam") 385-63 ¶ 2-1(e) appear to require clearance of Unexploded Ordnances ("UXOs") from the areas of Makua Military Reservation where access is permitted, they do not specify the frequency or degree of UXO clearance required. AR 350-19 ¶ 4-12(c), meanwhile, explicitly grants each Army Installation discretion to "determine the frequency and degree to which range clearance is required to support sustainable and safe use of ranges for operational purposes."

3

AR 350-19 ¶ 4-12(b)(1) and DA Pam 385-63 ¶ 2-1(e)'s mandatory-sounding language does not overcome the explicit grant of discretion in AR 350-19 ¶ 4-12(c). *See Gonzalez v. United States*, 814 F.3d 1022, 1030 (9th Cir. 2016) (holding that "[v]iewed in context, mandatory-sounding language" need not overcome the "discretionary character of [a regulation]").

Because the grant of discretion is express, we may presume that the Army's failure to clear Plaintiffs' worksite of *all* UXOs was grounded in policy. *Lam*, 979 F.3d at 681 (citing *United States v. Gaubert*, 499 U.S. 315, 324 (1991)). But even without that presumption, the Army points to factors guiding the frequency and degree of UXO clearance that involve the kind of policy considerations that the DFE was designed to protect, including: the "explosives hazards" when UXOs accumulate on the range, AR 350-19 ¶ 4-12(c)(5); the countervailing need to ensure UXO disposal methods are "practical and safe," AR 350-19 ¶ 4-12(d); and economic feasibility, AR 350-19 ¶ 3-19.

To the extent Plaintiffs and Everest contend that the Army must at least have provided UXO avoidance support under AR 350-19 ¶ 4-8(e), the claim is unavailing because neither Plaintiffs nor Everest pleaded in its complaint that such support was *not* provided.

To the extent Everest argues that the Army violated its own regulations requiring UXO warning signs to restrict unauthorized access—namely, DA Pam

4

385-63 ¶¶ 2-1(b) and 2-2—the argument fails because, again, Everest alleged no facts in its complaint suggesting these regulations apply or were violated. The conclusory allegation that the Army failed to warn Plaintiffs or their employer is not entitled to a presumption of truth, even on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

For these reasons, the district court did not err in dismissing Plaintiffs' and Everest's complaints under the DFE, and we affirm the dismissal order.[1]

3. Nevertheless, we conclude that the court erred in dismissing the complaint without granting leave to amend and thus abused its discretion in denying Plaintiffs' and Everest's post-judgment motions for reconsideration and leave to amend. We have previously held that dismissal without leave to amend is inappropriate unless it is clear that the complaint could not be saved by any amendment. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). And we have added that "[l]eave to amend can and should generally be given, even in the absence of such a request by the party." *Id.*; *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). Accordingly, we reverse the denial of the

---

[1] Everest also argues that the government breached Section 2.1 of the grounds maintenance contract by telling Plaintiffs where to cut grass and representing that their worksite was "free and clear" of UXOs. But Everest does not tie this conduct to any theory of negligence. To the extent Everest is implying it was a negligent misrepresentation, the claim is barred by the misrepresentation exception to the FTCA. *See* 28 U.S.C. § 2680(h); *Esquivel v. United States*, 21 F.4th 565, 577-78 (9th Cir. 2021).

5

motions to reopen the judgment, and remand with instructions to grant Plaintiffs and Everest leave to amend their respective complaints.

**AFFIRMED in part, REVERSED in part, and REMANDED.**[2]

---

[2] Each party shall bear its own costs on appeal.