NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZEKIAL FLATTEN; WILLIAM KNIGHT; CHRIS GURR; ANN MARIE BORGES, | No. 22-15741 |
| Plaintiffs-Appellants, | D.C. No. 3:21-cv-07031-SI |
| v. | MEMORANDUM[*] |
| BRUCE SMITH; STEVE WHITE, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 10, 2023[**]
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Plaintiffs Ezekial Flatten, William Knight, Chris Gurr, and Ann Marie

Borges (together, Plaintiffs) appeal from the district court's order dismissing their

claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1961–1968, against Defendants Bruce Smith and Steve White (together, Defendants) without leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Ariz. Alliance for Cmty. Health Ctrs. v. Ariz. Health Care Cost Containment Sys.*, 47 F.4th 992, 998 (9th Cir. 2022). We review for abuse of discretion a district court's denial of leave to amend. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). We affirm.

1. In *Shulman v. Kaplan*, we held that plaintiffs whose claims arise from "harms to their cannabis business[es] and related property" lack statutory standing to sue under RICO because cannabis is illegal under federal law. 58 F.4th 404, 407, 411–12 (9th Cir. 2023). This case cannot be meaningfully differentiated from *Shulman*. Here, Plaintiffs' RICO claims all arise from Defendants' seizure of their marijuana.[1] Accordingly, *Shulman* requires dismissal of Plaintiffs' claims for lack of statutory standing. *Id.*

2. The district court did not abuse its discretion when it denied Plaintiffs leave to amend their complaint. Because Plaintiffs' claims all arise from "harms to their cannabis business[es] and related property," *id.* at 407, and because Plaintiffs

---

[1] Although Plaintiffs also allege that Defendants seized other property from them, their First Amended Complaint did not allege—and Plaintiffs do not argue—that these seizures constitute a predicate RICO offense or otherwise give rise to a RICO claim.

have not suggested that they could amend their complaint to allege different harms, any amendment would be futile. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059–60 (9th Cir. 2018).

**AFFIRMED.**[2]

---

[2] Smith's motion for judicial notice is denied as moot because the document he seeks to be noticed is not relevant to this decision. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 777 n.3 (9th Cir. 2017).