**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIKI-ALEXANDER SHETTY; et al., | No. 22-55138 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-05796-DMG-KS |
| v. | |
| THOMAS BLOCK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 18, 2023**
Pasadena, California

Before: TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

Plaintiffs-Appellants Niki-Alexander Shetty, Adina Zaharescu, and the Niki-Alexander Family Trust appeal from the district court's order dismissing their complaint for lack of federal jurisdiction. The court held that Plaintiffs-Appellants' rescission cause of action under the federal Truth in Lending Act, 15 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1635 et seq. ("TILA"), is barred by the statute of limitations and, having dismissed the only federal cause of action on the merits, declined to exercise supplemental jurisdiction over Plaintiffs-Appellants' remaining state-law claims. We review dismissal on statute of limitations grounds de novo, *Gregg v. Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017), and we affirm.

The parties agree that, borrowing from California contract law, a four-year statute of limitations applies. *See* Cal. Civ. Proc. Code § 337(a); *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 158 (1983). The only question on appeal is whether Plaintiffs-Appellants' rescission cause of action under TILA arose in 2008, when New Haven Financial, Inc. refused to rescind Zaharescu's home mortgage loan, or in 2021, when Defendant-Appellee Thomas Block took steps to enforce it. Under 15 U.S.C. § 1635(b), the rescission cause of action arose in 2008. *See Hoang v. Bank of Am.*, 910 F.3d 1096, 1102 (9th Cir. 2018).

15 U.S.C. § 1635(b) provides that "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." In *Hoang*, we explained that § 1635(b) meant the borrower's rescission cause of action arose when the lender "failed to take any action to wind up the loan within 20 days of receiving [the borrower's] notice of rescission." 910

F.3d at 1102. Thus, in this case, the rescission cause of action arose in 2008, when New Haven Financial, Inc. failed to take any action to rescind the loan and terminate the security interest within 20 days after it received Zaharescu's July 2008 notice of rescission.  Plaintiffs-Appellants' TILA cause of action is therefore time-barred.

AFFIRMED.