**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMAN MOLLAEI, individually and on behalf of all others similarly situated,

No.   23-16079

D.C. No. 3:22-cv-02854-TLT

Plaintiff-Appellant,

v.

MEMORANDUM*

OTONOMO INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted July 9, 2024
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Plaintiff Saman Mollaei ("Mollaei") appeals the district court's dismissal of

his complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) and

subsequent denial of his motions to alter or amend the judgment and for leave to file

an amended complaint. Mollaei brings one claim against Otonomo Inc. ("Otonomo")

under California Penal Code § 637.7(a), which provides that "[n]o person or entity

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

in this state shall use an electronic tracking device to determine the location or movement of a person."

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal of the complaint de novo, *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1126 (9th Cir. 2014), and denial of leave to amend for an abuse of discretion, *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018).[1] "If support exists in the record, the dismissal may be affirmed on any proper ground, even if the district court did not reach the issue or relied on alternative grounds." *Wright v. Riveland*, 219 F.3d 905, 912 (9th Cir. 2000). We affirm.

## I.

Mollaei alleges the following factual allegations, which we accept as true, *Hoang*, 910 F.3d at 1099 n.2: Otonomo is a data broker that uses "electronic tracking devices" installed in cars to collect real-time GPS location data of unsuspecting drivers. Otonomo sells the data to various third parties. To collect the location data from automobiles without the drivers' knowledge, Otonomo partners with car manufacturers—such as BMW, which manufactured Mollaei's car—to install telematics control units ("TCUs") in cars. A TCU collects information from a car's sensors and radios to determine its precise physical GPS location and then transmits

---

[1] The district court's denial of the motion for leave to alter the judgment "merges" with the order dismissing the complaint. *Banister v. Davis*, 590 U.S. 504, 509 (2020).

2

the data to Otonomo over cellular data connection. Mollaei claims that the data allows Otonomo and its paying clients to pinpoint the location and movement of every connected car and driver without the driver's consent, which violates California Penal Code § 637.7.

Otonomo moved to dismiss Mollaei's complaint for failure to state a claim. The district court granted the motion and dismissed Mollaei's complaint on multiple grounds without leave to amend. Mollaei filed a motion to alter or amend the judgment and a motion for leave to file an amended complaint, both of which the district court denied.

## II.

Under § 637.7(d), an "electronic tracking device" is "any device attached to a vehicle or other movable thing that reveals its location or movement by the transmission of electronic signals." Otonomo argues that the TCU is not an electronic tracking device because it is a factory-installed component of the vehicle and not a separate device "attached to" the vehicle. Mollaei argues that the TCU is "attached to" the vehicle within the meaning of the statute because it is not critical to the car's functioning and can be easily removed and transferred to another vehicle.

California courts have not addressed whether a device installed in a vehicle at manufacturing can constitute an "electronic tracking device" under § 637.7, or if the device is merely part of the vehicle itself. We must thus "predict" how the California

3

Supreme Court would define "vehicle" under § 637.7. *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).

Under California rules of statutory construction, our task "is to ascertain the intent of the [l]egislature so as to effectuate the purpose of the law." *Dyna-Med, Inc. v. Fair Emp. & Hous. Comm'n*, 743 P.2d 1323, 1326 (Cal. 1987). To determine such intent, we "must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." *Id.*; *see also Cal. Tchrs. Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*, 927 P.2d 1175, 1177 (Cal. 1997). But if "the wording of the statute is ambiguous," we "may consider extrinsic evidence of the legislature's intent, including the statutory scheme of which the provision is a part, the history and background of the statute, the apparent purpose, and any considerations of constitutionality." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 527 (9th Cir. 2001) (internal quotation marks omitted).

Neither § 637.7 nor any other part of the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.*, defines "vehicle." The ordinary meaning of "vehicle" is "a means of carrying or transporting something." *Vehicle*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003). But that does not answer the question before us: are devices installed during manufacturing considered part of the "vehicle" for purposes of § 637.7? We thus turn to the legislative history of § 637.7 to define

4

"vehicle" in a way that "effectuate[s] the purpose of the law." *S.D. Myers, Inc. v. City of San Francisco*, 336 F.3d 1174, 1179 (9th Cir. 2003) (quoting *San Diego Union v. City Council*, 196 Cal. Rptr. 45, 48 (Ct. App. 1983)).

The California legislature enacted § 637.7 to "protect[] private individuals from having their movements tracked by other private individuals." S. Comm. on Pub. Safety, 1997-1998 Reg. Sess., Rep. on S.B. 1667, at 2 (Cal. 1998). The legislature acknowledged that § 637.7 "would allow a person to place one of these [electronic tracking] devices on their own automobile to be used as an anti-theft device but it would not allow a private investigator to place a device on the automobile of an individual he or she was trying to follow." *Id.* The legislature also did not intend to "restrict the use of electronic tracking devices by law enforcement agencies." *Id.* Rather, the legislature was concerned that "[f]or a fee, any person [could] use an electronic tracking device to monitor the movements of any other person." Assemb. Comm. on Pub. Safety, 1997-1998 Reg. Sess., Rep. on S.B. 1667, at 2 (Cal. 1998). To curb such conduct, the legislature made "it a misdemeanor for specified persons to utilize an electronic tracking device (ETD) to determine the location or movement of a person." *Id.* at 1. The legislature also specified that "violation of the misdemeanor provision by a person, business, firm, company, association, partnership, or corporation licensed as a private investigator, as defined, shall constitute grounds for revocation of the license issued." *Id.*; *see* Cal. Penal

Code § 637.7(f).

The legislative history strongly suggests that § 637.7 was enacted to address private investigators affixing tracking devices to other people's vehicles to track them without their knowledge. There is nothing in the legislative history to suggest that the law also intends to target devices built into a car during manufacturing that collect location data.

We decline to accept Mollaei's invitation to expand liability under § 637.7. Mollaei's contention that tracking devices installed during manufacturing are "attached to" rather than part of the "vehicle" cannot be squared with the plain understanding of what constitutes a "vehicle" or with the statute's purpose. Mollaei argues that if the tracking device may be removed from the vehicle, it must be "attached to" the vehicle. But interpreting "vehicle" to carve out certain parts installed during manufacturing would lead to absurd results and sweep in conduct far beyond what the legislature intended to prohibit. *See People v. Valladoli*, 918 P.2d 999, 1007 (Cal. 1996) (noting that courts must "interpret legislative enactments to avoid absurd results"). Section 637.7 criminalizes attaching a tracking device to an unsuspecting person's vehicle. If we were to accept Mollaei's definition of "vehicle," § 637.7 would transform from a circumscribed privacy law into an expansive consumer protection law targeting the collection of location data generally. That is not what the legislature intended.

We thus hold that a "vehicle" under § 637.7 includes parts built into the car during manufacturing.

## III.

With that definition, we turn to Mollaei's complaint. Mollaei asserts that the TCU is an "electronic tracking device" because it is a device attached to his vehicle. Mollaei concedes, however, that the TCU was installed during manufacturing by the car's manufacturer. Because the TCU was installed during manufacturing, it is part of the vehicle itself and cannot be considered "attached to the vehicle." Therefore, the TCU is not an "electronic tracking device" under § 637.7(d), and Mollaei fails to plead a plausible claim that Otonomo violated § 637.7. The district court thus properly dismissed Mollaei's complaint and denied his motion to alter or amend the judgment, and did not abuse its discretion by denying him leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (holding that district courts may deny leave to amend when "amendment would be futile").

**AFFIRMED.**