**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD GLAUDE,

        Plaintiff - Appellant,

  v.

DEUTSCHE BANK AG; COMMUNITY
REALTY PROPERTY MANAGEMENT,
INC., also known as Victor Marr; VMM
IRREVOCABLE TRUST,

        Defendants - Appellees.

No. 24-1339

D.C. No.
3:23-cv-05429-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted January 22, 2026[**]

Before: SILVERMAN, CLIFTON, and R. NELSON, Circuit Judges.

    Donald Glaude appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising from a home loan and

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1100 (9th Cir. 2018) (dismissal based on statute of limitations); *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016) (dismissal based on res judicata). We affirm.

The district court properly dismissed Glaude's Truth in Lending Act ("TILA") claim because Glaude filed his complaint outside the one-year statute of limitations and failed to allege facts showing that he was entitled to equitable tolling. *See* 15 U.S.C. § 1640(e) (one-year statute of limitations for TILA claims); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action").

The district court properly dismissed Glaude's remaining claims as barred by res judicata. *See Furnace*, 838 F.3d at 1023 (explaining that the law of the state in which a prior judgment was entered determines its preclusive effect in federal court; and "[i]n California, 'claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit' " (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)) (alterations omitted));

*Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797-98 (2010) (explaining that causes of action are generally the same when they involve the same parties and seek compensation for the same harm).

All pending motions are denied.

**AFFIRMED.**