NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRAN THALASSEMIA SOCIETY, an NGO with over 23,000 thalassemia member patients; H.K., a five-year-old male Iranian child suffering from epidermolysis bullosa; A.M., a similarly afflicted seven year old female Iranian child; S.N., a similarly afflicted ten year old male Iranian child; M.M., a similarly afflicted thirteen year old female Iranian child; FZ.H., a similarly afflicted eighteen year old female Iranian youth; F.E., a similarly afflicted twenty one year old female Iranian youth; NO CHILD SHOULD SUFFER, an Oregon domestic nonprofit corporation; EB HOME, an NGO with over 500 registered epidermolysis bullosa patients, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> OFFICE OF FOREIGN ASSETS CONTROL; JANET YELLEN, Secretary of the Treasury; ANDREA GACKI, Director of the Office of Foreign Assets Control, <br><br> Defendants-Appellees. | No.   23-35366 <br><br> D.C. No. 3:22-cv-01195-HZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted May 13, 2024
San Francisco, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and KRONSTADT,[**] District Judge.

Plaintiffs are a group of Iranian citizens suffering from rare genetic disorders, Iranian organizations representing such individuals, and No Child Should Suffer, an Oregon non-profit corporation that is seeking to donate funds for the treatment of those disorders. Plaintiffs seek medical treatment consisting of iron-chelating drugs to complement blood transfusion therapy, and a specific type of wound dressing. In this action, Plaintiffs seek an injunction and declaration that the Office of Foreign Assets Control ("OFAC") has violated the law by threatening to impose sanctions on transactions involving humanitarian aid to Iran. The district court granted, without leave to amend, Defendants-Appellees' motion to dismiss the Second Amended Complaint ("SAC") for lack of standing.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order granting a motion to dismiss for lack of jurisdiction. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016). We review for abuse of discretion a district court's refusal to grant leave to amend when a motion to dismiss is granted.

_____

[**] The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

*Hoang v. Bank of America, N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). We affirm.

1. Article III standing requires that the plaintiffs show (1) that they have suffered an injury in fact (2) which is fairly traceable to the defendant's challenged conduct, and (3) that their injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Where, as here, the plaintiffs' theory of standing rests upon the independent choices of third parties not before the court, "it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such a manner as to produce causation and permit redressability of injury." *Id.* at 562. "That's so because the third parties may well have engaged in their injury-inflicting actions even in the absence of the government's challenged conduct." *Mendia v. Garcia*, 768 F.3d 1009, 1013 (9th Cir. 2014). There is no redressability where "any prospective benefits depend on an independent actor who retains broad and legitimate discretion" to decline to take the action which would redress the injury. *Glanton ex rel. ALCOA v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006).

Plaintiffs have pleaded facts that, if established, would show that prior to 2018, the drugs and wound dressings used to treat the relevant medical conditions flowed into Iran without limitation. However, with the beginning of the "maximum pressure" sanctions regime in 2018, Plaintiffs have been unable to arrange the purchase or delivery of the necessary medical supplies. Specifically,

3

Plaintiffs contend that the needed supplies became unavailable after OFAC issued public statements that transactions for humanitarian goods, including the relevant medicines and dressings, were subject to sanctions if they involved certain Specially Designated Nationals ("SDNs"). The SAC alleges that because of OFAC's threats to impose sanctions, third party banks refused to facilitate transactions between sellers and manufacturers of pharmaceutical products and their Iranian counterparties. The SAC also alleges that, as a result of OFAC's threats, the pharmaceutical company that manufactures the necessary wound dressings refused to do any business involving Iran. Thus, the SAC alleges that Plaintiffs were harmed by OFAC's statements because they have made it extraordinarily difficult, if not impossible, to obtain the relevant drugs and dressings within Iran.

Plaintiffs have not pleaded facts sufficient to establish causation. Plaintiffs' theory of causation hinges upon third parties' subjective fears of future government action. As the Supreme Court clarified in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013), third parties' refusal to engage with plaintiffs based on their subjective fears of future government action does not establish that any injuries to those plaintiffs are fairly traceable to the challenged government actions. *Clapper*, 568 U.S. at 417–18, 417 n.7. Accordingly, there is no causation under the set of facts

alleged by Plaintiffs.[1]

Plaintiffs have not pleaded facts sufficient to establish redressability. As noted, there is no redressability if, following a favorable decision, redress of the injury "would still depend on the unfettered choices made by independent actors not before the courts." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)). The SAC alleges that, following the 2018 "maximum pressure" sanctions, third party banks withdrew from the Iranian market due both to "fears of sanctions" as well as "minimal" fees. *See Novak*, 795 F.3d at 1020 (stating that there is no redressability where plaintiffs have "alleged several reasons" that their injury may persist even if relief were granted). The SAC also alleges that the manufacturer of the wound dressings has declined to transact with Iranian counterparties even under any of several exemptions to the U.S. sanctions regime. Given these allegations, any judicially-ordered relief would leave the third party banks and pharmaceutical company free to continue to decline to do business in, or with those in Iran. Thus, there is no redressability.

---

[1] Certain plaintiffs contend that a letter from the pharmaceutical company that manufactures the needed wound dressings demonstrates that the pharmaceutical company's refusal to deal with Iranian counterparties is caused by OFAC's threatened sanctions. However, this letter states that the company is not willing to sell its products to Iran because of "US Economic sanctions in force," not OFAC's public statements concerning the scope of humanitarian exemptions to Iranian sanctions. Therefore, the letter does not demonstrate causation.

Finally, No Child Should Suffer lacks standing because it has neither articulated a concrete plan to donate funds nor been subject to a specific warning or threat of enforcement. Thus, there is no case or controversy with respect to No Child Should Suffer. *Sacks v. OFAC*, 466 F.3d 764, 772 (9th Cir. 2006); *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).

Because Plaintiffs cannot show causation or redressability, they have not established Article III standing.

2. The district court did not abuse its discretion when it declined to grant Plaintiffs leave to amend their Complaint a third time. Plaintiffs' theory relies upon an assumption that the injunctive and declaratory relief that they seek would make it substantially more likely that counterparties would resume business with those in Iran. In seeking leave to amend the SAC, Plaintiffs have not stated what facts they may add to the SAC to correct deficiencies concerning causation and redressability. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied due to "futility of amendment"). Because these deficiencies would persist notwithstanding any amendment, we conclude that amendment would be futile and affirm.

**AFFIRMED.**