**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLEN MORGAN, individually and on
behalf of all others similarly situated,

No. 23-3764

D.C. No.
2:22-cv-00122-MKD

Plaintiff - Appellant,

v.

MEMORANDUM[*]

TWITTER, INC.,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Argued and Submitted February 11, 2025
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.[**]

Glen Morgan brought a putative class action against Twitter,[1] alleging that

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

[1] Twitter, Inc. merged into X Corp. and no longer exists.  The Twitter platform was
renamed "X."  Given the timing of the events at issue, X Corp. refers to itself and
X as "Twitter" for purposes of this appeal.

Twitter violated Washington's statute, RCW 9.26A.140, prohibiting the deceptive procurement and sale of telephone records. Morgan appeals the district court's denial of his motions for remand, motion for leave to amend the complaint, and dismissal of the complaint. We review *de novo* a denial of a motion for remand, *see Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005); questions of Article III standing, *see Tingley v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022); and dismissal for failure to state a claim, *see id.* We assess for abuse of discretion denial of leave to amend. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly denied Morgan's first motion for remand based on untimeliness. A defendant must file a notice of removal either (1) within thirty days after the defendant receives the initial pleading or (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Harris*, 425 F.3d at 692–93.

Morgan's initial pleading and subsequent "other papers" did not provide an estimated class size, such that Twitter could have determined whether the Class Action Fairness Act's $5,000,000 amount-in-controversy requirement would have been met. *See* 28 U.S.C. § 1332(d)(2). The thirty-day time limit did not begin

even though Twitter could have estimated the class size using its own customer data or information from an identical lawsuit. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) ("[W]e declined to hold that materials outside the complaint start the thirty-day clock.").

2. The district court did not abuse its discretion in denying leave to file a second amended complaint. The district court identified the proper legal rule, citing to *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011), which directs the district court to consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."

The district court properly evaluated and made findings on each factor. First, Morgan had already filed an amended complaint. Second, amendment would have been futile because Morgan did not "state what *additional* facts [he] would plead if given leave to amend," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (emphasis added); he only sought to delete allegations, *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). Third, Twitter would have been prejudiced as the amendment would have further delayed the case, required another round of unnecessary briefing, forced Twitter to refile a substantially similar motion to dismiss, and denied Twitter a chance to have the deleted claim addressed on the merits. *See e.g., AmerisourceBergen Corp. v.*

*Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Fourth, undue delay resulted from the extra motion practice of Morgan's overriding filings, and Morgan could have made the requested amendments much earlier. *See id.*

3. Even if the district court had granted Morgan leave to file a second amended complaint, the remaining allegations provided Article III standing, so the district court correctly rejected Morgan's second remand motion. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). An intangible harm can qualify as an injury in fact where the legislature "elevate[d] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* at 425 (internal quotation marks omitted). A violation of a statute "codify[ing] a substantive right to privacy . . . gives rise to a concrete injury sufficient to confer standing." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020); *see, e.g.*, *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017). Here, RCW 9.26A.140(1)(b)—which proscribes the procurement of a "telephone record" of another "[b]y fraudulent, deceptive, or false means"— codifies a substantive privacy right in one's telephone record. A telephone record can contain highly sensitive information, such as "the telephone number dialed by the customer or the incoming number or call directed to a customer, . . . the time the call started and ended, the duration of the call, [and] the time of day the call was made . . . ." RCW 9.26A.140(3)(b). The Washington legislature intended this

4                                                                                                      23-3764

statute to prevent disclosure of this information due to pretexting, which is when someone impersonates a customer to access their information. As a result, this statute is an example of a legislature "ensuring that consumers retain control over their personal information." *Eichenberger*, 876 F.3d at 983.

Additionally, common intangible harms that result in an injury in fact "are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 594 U.S. at 425. RCW 9.26A.140(1)(b) is closely analogous to the historically-recognized intrusion upon seclusion tort. *See id.* This tort can occur when there is an "investigation or examination into [the plaintiff's] private concerns, as by opening his private and personal mail, searching his safe or his wallet, [or] examining his private bank account." Restatement (Second) of Torts § 652B, cmt. b. Given the extent of information someone can glean about another from their telephone records, it could be just as intrusive to view the records as it would be to open someone's mail. *See* Telephone Records and Privacy Protection Act of 2006, PL 109-476, Jan. 12, 2007, 120 Stat 3568 (recognizing that "call logs may reveal the names of telephone users' doctors, public and private relationships, business associates, and more"). Accordingly, alleging a violation of RCW 9.26A.140(1)(b) gives rise to an Article III harm.

Further, Morgan conceded that the allegations regarding Twitter's wrongful

sale of the telephone numbers, *see* RCW 9.26A.140(1)(a), created an injury in fact, and those allegations remained in the operative complaint.  Even if Morgan can be said to have abandoned the sale allegations, that did not divest the district court of jurisdiction over them.  *See BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) (affirming summary judgment of an abandoned claim); *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) (same).  Nor were the sale allegations moot because they lacked merit.  *See, e.g.*, *Ariz. State Legislature v. Ariz. Indep. Redist. Comm'n*, 576 U.S. 787, 800 (2015) .

4.  The district court provided four independent reasons for dismissing Morgan's complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), each of which was sufficient to support the dismissal.  First, RCW 9.26A.140(1)(b) prohibits the fraudulent collection of telephone *records*, not numbers.  The definition of a "telephone record" includes difficult-to-obtain, nonpublic information about a customer's calling behavior—such as who, when, and how long they are calling—revealing that protection of an individual customer's phone number is not the purpose of this statute.  RCW 9.26A.140(5)(b); *see Yates v. United States*, 574 U.S. 528, 543–44 (2015); *accord State v. Roggenkamp*, 106 P.3d 196, 200 (Wash. 2005).  This understanding aligns with the legislature's intent to protect highly sensitive information from pretexting.  *Rest. Dev., Inc.*, 150 Wash. 2d at 682.  Morgan alleged that Twitter obtained only his phone number, so

he failed to state a claim under RCW 9.26A.140(1)(b).

Second, the statute only covers a telephone record that is falsely obtained from a telecommunications company, not an individual. The definition of "telephone record" is limited to "information retained by a telecommunications company." RCW 9.26A.140(5)(b). Morgan insufficiently alleged that Twitter obtained his telephone number directly from him.

Third, Morgan's claim sounded in fraud, yet he did not meet the higher pleading standards required.[2] *See* Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (cleaned up). Morgan did not identify a specific statement by Twitter he believed to be false.

Fourth, Morgan's failure to identify a specific misleading statement additionally failed the basic pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Morgan's complaint was properly dismissed.

**AFFIRMED.**

---

[2] RCW 9.26A.140 need not require a showing of fraud for the higher pleading standard to apply. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Under Washington law, there are nine elements constituting fraud in the inducement, *see Elcon Const., Inc. v. E. Wash. Univ.*, 174 Wash. 2d 157, 166 (2012), and Morgan's operative complaint alleged facts meeting all nine elements.