**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANEY BROWN; BING GUO; JUNXIAN ZHANG, | No. 22-55700 |
| *Plaintiffs-Appellants*, | D.C. No. 2:20-cv-10971-DOC-AGR |
| v. | |
| DURINGER LAW GROUP PLC; STEPHEN C. DURINGER; PETER WONG; JUDY WONG, | OPINION |
| *Defendants-Appellees*, | |
| and | |
| DOES, 1-10, | |
| *Defendant*. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 11, 2023
Pasadena, California

Filed November 21, 2023

Before:  MILAN D. SMITH, JR., MICHELLE T. FRIEDLAND, and ERIC D. MILLER, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

### SUMMARY[*]

### *Rooker-Feldman* Doctrine

The panel reversed the district court's summary judgment, which held that an action under the Fair Debt Collection Practices Act was barred by the *Rooker-Feldman* doctrine, and remanded for further proceedings.

Janey Brown and other tenants filed suit against the Duringer Law Group, PLC, and Stephen C. Duringer, alleging that Duringer violated the Act by filing a memorandum of costs in state court proceedings concerning an unlawful-detainer judgment.

The *Rooker-Feldman* doctrine provides that, by vesting jurisdiction over state-court appeals in the U.S. Supreme Court, 28 U.S.C. § 1257 precludes a federal district court from exercising subject-matter jurisdiction in an action asking the court to overturn an injurious state-court judgment.  The panel held that the doctrine is limited to cases (1) brought by state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

district court proceedings commenced and (4) inviting district court review and rejection of those judgments.

The panel concluded that the tenants' action did not challenge a memorandum of costs on which the state court already had rendered judgment, but rather a later memorandum. Because there was no relevant state-court judgment purporting to adjudicate the validity of the costs in the later memorandum, *Rooker-Feldman* did not apply.

**COUNSEL**

Louis P. Dell (argued), Law Office of Louis P. Dell, Burbank, California, for Plaintiffs-Appellants.

Edward L. Laird II (argued) and Stephen C. Duringer, The Duringer Law Group PLC, Anaheim Hills, California; Curtis T. Greer IV, Kimball Tirey & St John LLP, Irvine, California; for Defendants-Appellees.

## OPINION

M. SMITH, Circuit Judge:

Janey Brown, Bing Guo, and Junxian Zhang (collectively, Tenants) filed suit against the Duringer Law Group, PLC, and Stephen C. Duringer (collectively, Duringer) in the United States District Court for the Central District of California. In their complaint, Tenants allege that Duringer violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, by filing an October 2020 memorandum of costs pursuant to § 685.070(b) of the California Code of Civil Procedure (the Code). In Tenants' view, the October 2020 filing sought duplicative interest on their back rent as well as unreasonable attorneys' fees in connection with Duringer's debt collection efforts. The district court concluded that Tenants' federal suit constituted an improper appeal of a state-court judgment and thus was barred by the *Rooker-Feldman* doctrine. We disagree. Tenants' FDCPA action does not attack any state-court judgment regarding the October 2020 memorandum of costs, and therefore the *Rooker-Feldman* doctrine does not bar the action. Accordingly, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Peter and Judy Wong (the Wongs) leased an apartment to Tenants. The lease agreement stated that "[i]n the event of a default by Tenant hereunder, Tenant shall pay to Landlord all costs incurred by Landlord . . . including attorneys' fees." In 2010, Tenants breached the lease agreement by failing to pay rent, and the Wongs hired Duringer to initiate an unlawful-detainer action pursuant to § 1161(2) of the Code. On June 21, 2010, the California Superior Court entered judgment in favor of the Wongs for

$2,705, composed of $1,785 in back rent and incidental damages, $500 in attorneys' fees, and $420 in other costs.

For over nine years, Duringer did not attempt to enforce the judgment on behalf of the Wongs.  Then, in February 2020, Duringer filed an application for renewal of the judgment pursuant to § 683.120 of the Code, as well as a memorandum of costs.  In the memorandum of costs, Duringer sought $2,570 in post-judgment interest and $2,592 in post-judgment costs, including attorneys' fees incurred from June 2018 to December 2019.  Tenants did not object to the claimed costs within the ten days required under state law, and thus the claimed costs were added to the judgment.  *See* Cal. Civ. Proc. Code § 685.070(c), (d).

In July 2020, the Wongs applied for a writ of execution. *See id.* § 699.510(a).  The clerk of the court issued the writ, levying Janey Brown's bank account.  Brown then requested that the court quash the writ of execution.  The Superior Court denied Brown's request, explaining that her filing did not comply with California's procedural requirements and rejecting Brown's assertions that Duringer committed fraud and that she "knew nothing of this lawsuit and was never served."  Three days later, Brown filed a claim of exemption pursuant to § 703.520(a) of the Code.  In the filing, Brown reported a monthly income of $1,215 and argued that the levy "robs [Brown of her] chance to live" due to, in part, her mother's significant medical costs.  The Superior Court denied the exemption.

In November 2020, Duringer received the levied funds on behalf of the Wongs, which fully satisfied the writ stemming from the renewal of judgment and the February 2020 memorandum of costs.  However, shortly before receiving those levied funds, Duringer filed a second

memorandum of costs, seeking $2,750 in accrued interest and $3,780 in costs and attorneys' fees incurred in litigating the first memorandum of costs. Duringer never applied for a writ of execution to enforce this second memorandum of costs, and thus the court never took any further action regarding the claimed costs.

On December 2, 2020, Tenants filed suit against Duringer, alleging violations of the FDCPA. Tenants moved for partial summary judgment on the issue of Duringer's liability for these violations. Duringer cross-moved, arguing that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction and that, in any event, Tenants' FDCPA claims failed on the merits as a matter of law. The district court held that the *Rooker-Feldman* doctrine barred Tenants' claims and granted Duringer's cross-motion for summary judgment without reaching the merits of those claims. It did not adjudicate Tenants' motion for partial summary judgment. Tenants timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's ruling on a summary judgment motion. *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We also determine de novo whether a district court had subject-matter jurisdiction over an action. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1062 (9th Cir. 2019).

## ANALYSIS

Section 1257 of Title 28 authorizes the U.S. Supreme Court to hear appeals from "[f]inal judgments or decrees rendered by the highest court of a State" if they raise a federal question. 28 U.S.C. § 1257. The *Rooker-Feldman*

doctrine provides that § 1257, by vesting jurisdiction over state-court appeals in the Supreme Court, necessarily "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority," if the action asks the federal district court to "overturn an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). The doctrine occupies "narrow ground" and applies only in "limited circumstances." *Id.* at 284, 291; *see also Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) ("[O]ur cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule."). Namely, it "is confined to . . . cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

In this case, the district court interpreted Tenants' FDCPA claims as attacking the validity of the costs Duringer claimed in its February memorandum of costs, on which the Superior Court already rendered judgment. We disagree with the district court's interpretation. A fair reading of Tenants' complaint and the subsequent record shows that Tenants seek to remedy the harms caused by Duringer's filing of the October memorandum of costs, not the February memorandum, as the district court assumed. For instance, in their complaint, Tenants allege that the October memorandum "claimed duplicat[ive] interest and unreasonable collection costs." At summary judgment, Tenants conceded that the Superior Court had already rejected Brown's motions relating to the costs in the February memorandum.

Once we properly construe Tenants' action as challenging the October memorandum, our *Rooker-Feldman* analysis becomes straightforward. There is no relevant state-court judgment purporting to adjudicate the validity of the costs in the October memorandum. Brown never filed a motion to tax costs, so the state court never used that vehicle to decide the accuracy of the costs. Moreover, Duringer did not apply for a writ of execution, so Brown never moved to quash—giving the state court no opportunity to assess the costs claimed in the memorandum. Simply put, the October memorandum was not the subject of any state-court judgment.

Duringer's counterarguments are unpersuasive. First, Duringer argues that we should broadly interpret "judgment" in our *Rooker-Feldman* analysis to include the original 2010 unlawful-detainer judgment and that because Tenants "undoubtedly lost the state court Eviction Action," they are state-court losers. However, even if we were to adopt Duringer's broad conception of "judgment" at prong one of our analysis, Duringer would still fail to meet prongs two and four. Since the 2010 unlawful-detainer judgment does not purport to rule on the accuracy of the costs claimed in the October memorandum (as would have been impossible given that the judgment was entered over a decade earlier), Tenants would be neither complaining of injuries caused by the state-court judgment (*i.e.*, prong two) nor inviting district court review and rejection of that judgment (*i.e.*, prong four).

Second, Duringer posits that Tenants' claims "necessarily require[] the [federal] court to determine the accuracy of the amount approved by the state court on the Writ of Execution" enforcing the February memorandum of costs. However, Tenants' claims assume the accuracy of the costs obtained through the February memorandum and

accompanying writ; Tenants challenge only the allegedly duplicative interest and unreasonable attorneys' fees Duringer claimed in the October memorandum. Because there is no relevant state-court judgment addressing those issues to improperly appeal, we reverse the district court's holding that *Rooker-Feldman* precludes it from exercising jurisdiction over Tenants' FDCPA claims.

After this appeal was briefed, we *sua sponte* raised the question whether Tenants have Article III standing to pursue their claims. Because the question of standing was not addressed by the district court and because Tenants may wish to submit evidence in support of their claimed injuries, we remand so the district court can address this issue in the first instance. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004).[1]

## CONCLUSION

For the foregoing reasons, the district court's summary judgment order is **REVERSED**, and this case is **REMANDED** to the district court for further proceedings consistent with this opinion.

---

[1] We may consider the appeal of the *Rooker-Feldman* issue without first reaching the standing issue. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[T]here is no mandatory sequencing of jurisdictional issues." (internal quotation marks omitted)).