NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANEY BROWN; BING GUO; JUNXIAN ZHANG, | No. 24-3964 |
| | D.C. No. |
| Plaintiffs - Appellants, | 2:20-cv-10971-DOC-AGR |
| v. | MEMORANDUM* |
| DURINGER LAW GROUP, PLC; STEPHEN C. DURINGER, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 11, 2025**
Pasadena, California

Before: BYBEE, IKUTA, and FORREST, Circuit Judges.

Janey Brown, Bing Guo, and Junxian Zhang (collectively, Tenants) appeal the

district court's denial of their renewed motion for judgment as a matter of law

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(JMOL) and motion for a new trial. We affirm.

We review de novo a district court's denial of a renewed motion for JMOL. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (citation omitted). We review a district court's ruling on a motion for a new trial for abuse of discretion. *Id.* at 962.

1. ***Renewed Motion for JMOL.*** Tenants argue the district court erred in denying their renewed motion for JMOL because Defendants Duringer Law Group, PLC and Stephen Duringer's (collectively, Duringer) October costs memorandum violated the Fair Debt Collection Practices Act (FDCPA). Even assuming that Tenants properly preserved this challenge for appeal, the district court did not err in denying Tenants' motion because the jury's verdict concluding that Duringer's October costs memorandum was not false, deceptive, or misleading under the FDCPA was proper. *See Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061−62 (9th Cir. 2011).

Under California law, a money judgment is not satisfied *in full* until the creditor receives "the full amount required to satisfy the judgment." Cal. Code Civ. Proc. § 724.010(a), (b). The "full amount" includes the total judgment amount as entered or renewed, post-judgment interest, and recoverable costs. *Id.* § 695.210. Because the sheriff's August 5, 2020, levy failed to account for post-judgment interest and costs incurred during the five-month delay from the submission of the

writ of execution on February 3, 2020, to the issuance of the writ of execution on July 15, 2020, the jury reasonably could have found that the levy only partially satisfied the judgment.[1] *Id.* Additionally, interest may accrue until "[t]he date satisfaction is actually received by the judgment creditor." *Id.* § 685.030(d)(1). The district court instructed the jury on this standard, and Duringer did not receive payment resulting from the levy until after it filed the October costs memorandum. Thus, the jury also could have reasonably concluded that Duringer did not violate the FDCPA by seeking post-judgment interest that Duringer had not yet received before filing the October costs memorandum. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006).

Tenants also argue that Duringer's October cost memorandum violated the FDCPA because its post-judgment interest calculation "was mathematically excessive." But Tenants' argument ignores that this calculation reflected the *total* interest, not just interest accrued since the writ of execution issued. And because Tenants did not offer any evidence at trial to dispute Duringer's initial interest calculation or to support their assertion of excessiveness, the jury's verdict is

---

[1] We reject Tenants' argument that we implicitly found in *Brown v. Duringer Law Grp., PLC*, 86 F.4th 1251, 1253 (9th Cir. 2023), that "the levied funds fully satisfied the writ" because we made this statement in describing the background of the case and analyzed only whether we had subject-matter jurisdiction over the suit. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004).

sufficiently supported by the record. *See Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003).

2. ***Motion for New Trial.*** Tenants argue the district court erred in denying their motion for a new trial for the same reasons discussed in relation to the renewed motion for JMOL that we have rejected. Because the jury verdict is supported by the record, and Tenants have failed to demonstrate that the district court "made a mistake of law," the district court did not err in denying Tenants' motion for a new trial. *Go Daddy Software, Inc.*, 581 F.3d at 966 (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)).

**AFFIRMED.**