**FILED**

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA M. CASTON; et al.,

Plaintiffs - Appellants,

v.

HOFFMANN-LA ROCHE, INC.; et al.,

Defendants - Appellees.

No. 24-2920

D.C. No.
3:23-cv-00928-TLT
Northern District of California,
San Francisco

ORDER

ANDREA M. CASTON; et al.,

Plaintiffs - Appellees,

v.

HOFFMANN-LA ROCHE, INC. and
ROCHE LABORATORIES INC.,

Defendants - Appellants,

and

GENENTECH, INC. and GENENTECH
USA INC,

Defendants.

No. 24-3349
D.C. No.
3:23-cv-00928-TLT
Northern District of California,
San Francisco

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.\*

---

\*      The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals, 7th Circuit, sitting by designation.

The petition for panel rehearing, Dkt. No. 71, is granted. Fed. R. App. P. 40; 9th Cir. R. 40-1.

The memorandum disposition filed on October 7, 2025, No. 24-2920, No. 24-3349, is hereby amended and the amended memorandum disposition is filed concurrently with this order. No future petitions for rehearing or rehearing en banc will be entertained.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA M. CASTON; RICHARD GITHENS; PATRICK EUGENE WAGHER; KENDRICK ALLEN,<br><br>     Plaintiffs - Appellants,<br><br>  v.<br><br>HOFFMANN-LA ROCHE, INC.; ROCHE LABORATORIES INC.; GENENTECH, INC.; GENENTECH USA INC,<br><br>     Defendants - Appellees. | No. 24-2920<br><br>D.C. No. 3:23-cv-00928-TLT<br><br>AMENDED MEMORANDUM* |
| ANDREA M. CASTON; RICHARD GITHENS; PATRICK EUGENE WAGHER; KENDRICK ALLEN,<br><br>     Plaintiffs - Appellees,<br><br>  v.<br><br>HOFFMANN-LA ROCHE, INC.; ROCHE LABORATORIES INC.,<br><br>     Defendants - Appellants,<br><br>and | No. 24-3349<br><br>D.C. No. 3:23-cv-00928-TLT |

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GENENTECH, INC., GENENTECH USA
INC,

        Defendants.

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted September 18, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[**]

Appellants, four former servicemembers, appeal the district court's dismissal of their products-liability class action against Hoffmann–La Roche Inc. and Roche Laboratories Inc. ("Roche Defendants") and Genentech, Inc. and Genentech USA, Inc. ("Genentech Defendants"). The Roche and Genentech Defendants cross-appeal, contending that Appellants lack Article III standing to bring a class action for medical monitoring.

We review legal questions and dismissal for lack of jurisdiction de novo. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011); *Brown v. Duringer L. Grp. PLC*, 86 F.4th 1251, 1253 (9th Cir. 2023). We affirm in part, vacate in part, and remand.

1. The district court erred in dismissing Appellants' products-liability claims

---

[**] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

under the political question doctrine based on the FDA's approval of mefloquine. The political question doctrine is a "narrow exception" that applies only when adjudication will "certainly and inextricably" require courts to decide issues constitutionally committed to another branch. *Zivotofsky v. Clinton*, 566 U.S. 189, 195 (2012); *Cooper v. Tokyo Elec. Power Co.*, 860 F.3d 1193, 1214 (9th Cir. 2017). Federal and state courts have consistently adjudicated design-defect and failure-to-warn claims regarding FDA-approved pharmaceuticals without treating them as nonjusticiable. *See, e.g., Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 476–77 (2013) (addressing whether state-law design-defect claims for FDA-approved generics are preempted—not whether they are nonjusticiable); *Wyeth v. Levine*, 555 U.S. 555, 573 (2009) (adjudicating design-defect and failure-to-warn claims against brand-name manufacturer); *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011). The political question doctrine does not bar ordinary product-liability claims merely because the FDA regulates pharmaceuticals.

Likewise, it would be premature to invoke the political question doctrine based on the military's approval of mefloquine. Appellants argue that their claims rest on Appellees' own conduct without requiring judicial review of military judgments. At this stage, it is speculative to consider how the military dimension of the political question doctrine might come into play. The district court may revisit the issue at a later stage of this litigation.

2.   The district court correctly concluded there is no general or specific jurisdiction over the Roche Defendants.

A federal court has general jurisdiction over a corporation where the corporation is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A corporation is "at home" only in its state of incorporation and principal place of business—save "exceptional" cases. *See id.* at 137–39 & n. 19; *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). The Roche Defendants' sworn affidavit established that, at the filing of Appellants' complaint in March 2023, the companies' officers directed and controlled activities from New Jersey—its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010). To rebut this, Appellants present older corporate materials, including information from May 2022, and merger-era statements. These stale documents do not create a genuine dispute about Roche Defendants' corporate activities, and "we may not assume the truth of allegations … contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Nor is there specific jurisdiction. Appellants claims arise from their ingestion of mefloquine overseas and at East Coast military bases—not in California. Thus, Appellants cannot show that their injuries "arise out of or relate to" California-directed conduct by the Roche Defendants. *See Bristol-Myers Squibb Co. v.*

4                                                                      24-2920

*Superior Court*, 582 U.S. 255, 262 (2017); *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023). Allegations that a military agency, the Defense Logistics Agency, operates facilities in California and that products entered the forum via national distribution are insufficient; mere placement of a product into the stream of commerce, without more, is not purposeful direction toward the forum. *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

We thus affirm the dismissal of claims against the Roche Defendants, but without prejudice and based only on lack of personal jurisdiction.

3. Instead of damages for the alleged injuries caused by mefloquine, Appellants seek a medical-monitoring program to redress any potential *future* neurological and psychiatric injuries caused by the anti-malarial drug. To establish Article III standing, Plaintiffs must show that it is "likely, as opposed to merely speculative" that the requested relief will remedy the alleged injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (simplified); *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

As currently pled, it is unclear whether medical monitoring would redress Appellants' alleged future harms against the remaining Genentech Defendants. For example, Appellees contend that Appellants' conditions have fully manifested, that they have already undergone extensive testing and treatment, and that additional monitoring would not materially alter their care because their treatment would not

meaningfully change. At oral argument, however, Appellants' counsel stated that they could amend their complaint to cure any redressability defects. Because amendment may resolve these potential standing deficiencies against the Genentech Defendants, we remand with instructions to allow Appellants to amend their complaint to clarify how the requested monitoring program would likely redress their alleged injuries. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102–03 (9th Cir. 2018) ("Leave to amend can and should generally be given, even in the absence of such a request by the party," so long as amendment would "not be futile"); *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012); *Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011); Fed. R. Civ. P. 15(a)(2).

Finally, we cannot affirm dismissal of claims against the Genentech Defendants on the alternative ground of preemption under the reasoning of *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011). All parties on appeal agree that the Genentech Defendants are not generic manufacturers of mefloquine. We express no view as to whether Plaintiffs' claims against the Genentech Defendants may be preempted for reasons other than that the Genentech Defendants are generic manufacturers.

Appellants' motion to dismiss the cross-appeal is denied as moot. Pharmaceutical Research and Manufacturers of America's motion for leave to file an amicus brief is granted.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part, and REMANDED**.